BENJAMIN CHEW *vs.* THE SUPERIOR COURT.

JULY 8, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Certiorari. Exceptions.*

Where the lower court denied a motion to dismiss for lack of jurisdiction, and decided that it had jurisdiction of a cause, *certiorari* will not lie to restrain it from usurping jurisdiction, for defendant has an adequate remedy under the statute by prosecuting his exception to such ruling.

CERTIORARI. Heard and writ dismissed.

RATHBUN, J. This is a petition for a writ of *certiorari* to be directed to the Superior Court ordering said court to certify for our inspection its records relating to the action at law entitled *John M. Smith* v. *Benjamin Chew*, in order

that so much of said record as is illegal may be quashed.    A writ of *certiorari* has issued as prayed for and said record has been certified to us.

An inspection of the original record in said action shows that the officer charged with the service of said writ made thereon the following return: "Washington, Sc.    I have this 7th day of August A D 1918 sent an attested of the within writ by registered mail, to the within named defendant, addressed to Glenvale, Rodnor, Pa. at the request of the plaintiff attorney.    George S. Phillips Deputy Sheriff."

The following written agreement bearing file mark "Sept 14, 1918" is included in the record.

"Washington Sc. Superior Court
Sept 10 A. D. 1918

John Smith
        vs.          } No.
Benjamin Chew

In the above entitled cause it is agreed that the following entry be made:   Time within which defendant may plead to declaration is hereby extended to Sept 17th 1918.

Augustine T. L. Ledwidge Plffs. Atty.
Wilson Gardner & Churchill Defts. Atty."

The following motion, also bearing file mark "Sept 14, 1918", is a part of the record:

"State of Rhode Island
Washington Sc.                        Superior Court

John M. Smith        }
        vs.          } No.
Benjamin Chew        }

Motion to Dismiss.

Now comes the defendant and enters a special appearance for the sole purpose of objection to the jurisdiction of the Court to render a judgment against him, and thereupon moves that said action be dismissed for the reason that it

does not appear that the defendant has been duly and legally served with process in said case.

By his attorneys

Wilson, Gardner & Churchill."

The jacket of the papers bears the following entry: "1920 Feb. 16. Hearing. 1920 Feb. 16. (Barrows. J.) Deft's motion to dismiss denied. Defendant's exceptions noted."

The officer's return does not show a valid service of the writ on the defendant. The attorney for the plaintiff, who is the respondent in this petition, argues that the filing of the agreement extending the time within which defendant might plead to the declaration is in legal effect an entry of a general appearance for the defendant. No record of testimony has been filed and we understand from the arguments of counsel on briefs that none was taken and that the Superior Court's decision denying the motion to dismiss was based on a ruling that the defendant by filing said agreement should be held to have entered a general appearance thereby giving the court jurisdiction of the parties. The petitioner seeks to have this court on writ of *certiorari* "review said proceedings taken in said case, especially such action taken by said Superior Court in denying the petitioner's motion to dismiss said action, to the end that said proceedings, or so much of them as may be against the law may be quashed. . . ."

The petitioner has pointed out no specific record which he desires this court to quash. The motion to dismiss was filed and called up for hearing by the petitioner whose objection now is not that the court entertained said motion but that the motion was decided adversely to him. Every court has jurisdiction to pass on the question of its own jurisdiction. The Superior Court merely decided that it had jurisdiction. The Superior Court has taken no action in the case since said motion was denied. Until the question has been properly presented it cannot be detemined whether the justice erred in his ruling. It cannot be presumed, in

advance, that a trial court has erred.   It may be contended
that the Superior Court is threatening, or is about to pro-
ceed, to try the case without having jurisdiction of the
parties but *certiorari* does not lie to restrain a tribunal from
usurping jurisdiction.   The writ of prohibition has been held
to be the appropriate remedy in such a case in certain juris-
dictions having a procedure different from our own.   See
32 Cyc. 605.   Prohibition, like *certiorari*, is a prerogative
writ and not a writ of right.   The practice in this state has
been not to issue a writ of prohibition or *certiorari* where
there is another adequate remedy.   This practice conforms
to our general appellate procedure.   Section 24, Chapter
298, General Laws, 1909, provides that "Exceptions to
decisions or rulings prior to trial shall be open to revision
after verdict or final decision on the merits, but so far only
as it appears to the supreme court that the verdict or final
decision was erroneously affected thereby."   SWEETLAND,
C. J., in construing the above section in *Troy* v. *Journal Co.*,
(decided April 23, 1920) 43 R. I. 22, said:   "the General
Assembly has provided that a cause shall not be brought
here for review by piecemeal;  but that it shall proceed to
verdict or final decision upon its merits, and that then, and
not until then, exceptions to rulings made by the Superior
Court, taken by either party during the travel of the cause
and upon which the party excepting then relies, shall be
included in the bill of exceptions of such party and brought
to this court for determination.   We construe the language
'final decision upon the merits,' appearing in the statute, to
mean a determination upon the merits of a cause which will
in due time by operation of law lead to a final judgment in
the cause.   Within seven days after a decision of that
nature a party aggrieved may commence his proceedings
under the statute to bring the cause to this court for review
upon a bill of exceptions."

The petitioner has taken an exception to the ruling of the
justice and should a verdict be rendered against him he can
then bring said exception to this court by a bill of exceptions.

It may be argued that, in the event the petitioner's said exception should be finally determined to have been well taken, an expense of time and money has been incurred which could have been avoided by settling the question of law before going to trial. The same argument could be advanced in favor of certifying all substantial demurrers to this court for determination before trial, but the legislature has prescribed a different procedure. Had the petitioner, instead of moving to dismiss, filed a plea in abatement and obtained the same ruling on demurrer to his plea, it is clear that he could not bring an exception to such ruling to this court until after "final decision upon the merits." *Troy* v. *Providence Journal Co., supra.*

In *American Electrical Works* v. *Devaney,* 32 R. I. 292, no legal service of the writ was made and the court obtained no jurisdiction of the parties. On motion to dismiss the Superior Court erroneously held that the service was valid and denied the motion to dismiss. The defendant excepted and then sought to enjoin the plaintiff from prosecuting the action. This court, holding that the defendant had an adequate remedy at law, by insisting after verdict on its plea to the jurisdiction, and prosecuting a bill of exceptions, denied the injunction and dismissed the bill.

In *Taylor* v. *Bliss,* 26 R. I. 16, the writ of prohibition was granted to restrain a justice of a district court from administering the poor debtor's oath to a person not entitled to the oath, confined in the State's jail. No appeal was provided for in such a case. Irreparable injury might have been suffered by the petitioner in that case had the writ been refused.

In *Parker* v. *Superior Court,* 40 R. I. at 217 and 218 the court said: "Ordinarily in *certiorari* this court will consider and correct final determinations merely, and those only in cases where no other remedy is expressly provided. In *Hyde* v. *Superior Court,* 28 R. I. 204, this court in *certiorari* did under its broad revisory power correct 'errors and abuses' contained in an interlocutory decree, on the ground that in

that case the statutory remedy by appeal from final decree was manifestly inadequate, and great injury would result from delay until a final disposition of the cause."

*Way* v. *Superior Court*, 42 R. I. 444, cited by the petitioner, is not in point. In that case judgment had been entered for the defendant on a nonsuit. Thereafter, without removing the judgment, the trial court assigned the case for trial. As the record stood there was nothing to try. The defendant had obtained a judgment. On *certiorari* the court quashed the record of the assignment for trial.

For the reasons above stated the writ of *certiorari* is dismissed and the records and papers in the case of *John M. Smith* v. *Benjamin Chew* sent to us by the Superior Court for Washington County are returned to said court.

*Wilson, Churchill & Curtis*, for petitioner.
*Augustine T. L. Ledwidge*, for respondent.