RAYMOND MANCINI *vs.* SUPERIOR COURT, GEORGE A. FULLER COMPANY *et al.*

JULY 18, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This petition for certiorari is addressed to the general revisory and supervisory powers of this court. It seeks to quash the record of a decree entered in the superior court whereby petitioner's compensation under general laws 1938, chapter 300, was terminated unless he submitted, within sixty days therefrom, to an operation for removal of an intervertebral disc. It was heard on a citation directed to the petitioner to show cause why we should exercise our discretion by issuing the writ, and the respondents were given notice thereof and took advantage of the opportunity to be heard on the pertinent issue.

It appears without contradiction that petitioner Raymond Mancini, hereinafter referred to as the employee, was injured by accident arising out of and in the course of his employment with respondents, hereinafter called the employers; that he was receiving compensation payments under the act on the basis of total incapacity in accordance with a preliminary agreement approved by the director of labor; and that after a hearing in the superior court on the employers' petition to review, where the present parties petitioner and respondents were reversed, a decree was entered finding:

"That it is reasonable to require the respondent to submit within sixty days of the entry of this decree to an operation for the removal of an intervertebral disc; the operation to be performed by a surgeon of recognized experience and skill in that particular branch of surgery; the hospital and medical expenses to be borne by the petitioners and compensation to be paid through a reasonable period of convalescence."

It was thereupon ordered: "That unless the respondent submits to the above operation under the above conditions his compensation shall terminate upon the sixtieth day following the date of this decree; but if he does so submit

his compensation, hospital and medical expenses shall be paid as above provided."

An appeal therefrom was filed by the employee but was never perfected in accordance with the requirements of the statute. Accordingly the employers' motion to dismiss the appeal on that ground was granted by this court. *George A. Fuller Co.* v. *Mancini,* 73 R. I. 178. In that opinion, however, we did not permanently foreclose the employee's rights, if any, in relation to the time of operation or the medical and hospital expenses in connection therewith.

The employee now has brought the instant petition for certiorari alleging that the superior court was entirely without jurisdiction under the workmen's compensation act to terminate legally his compensation in the face of a finding that he was still totally incapacitated. He contends that in these circumstances the court may *suspend* compensation benefits but that the only authority to *terminate permanently* compensation benefits under the act is where the employee has physically recovered, or has been rehabilitated in employment, or has had his future payments commuted, or has received payment for the statutory number of weeks in full. He alleges that he is still totally incapacitated and without any adequate remedy, wherefore he seeks to quash the two final paragraphs of the court's decision and the final decree entered on August 6, 1946 in the superior court.

The employers contend in effect that certiorari should not be issued because the employee had an adequate remedy under the workmen's compensation act which provides expressly for an appeal to correct all errors of law including questions of jurisdiction, and that the appeal period has now expired without any legal excuse being offered by the employee; that article III, §19, of the act provides that "All questions arising under this chapter, if not settled by agreement of the parties interested therein, shall, except as otherwise herein provided, be determined by the superior court" and that there is no contrary provision elsewhere

in the act; and that the employee should now be barred on the further grounds of laches and because the reopening of the case after the lapse of three and one-half years without any explanation would be contrary to the purpose of finally settling disputed questions within the terms of the act.

In the absence of particular statutory requirements a petition for certiorari, as here, is addressed solely to this court's discretion. *Brown* v. *Probate Court of Warwick,* 28 R. I. 370; *In re James' Estate,* 64 R. I. 144. There is ample authority and precedent for refusing to exercise that discretion in a case where there is an adequate remedy at law expressly provided in the statute, or where there has been unreasonable and unexplained delay in seeking relief. *Cohen* v. *Superior Court,* 39 R. I. 272; *Parker* v. *Superior Court,* 40 R. I. 214; *Chew* v. *Superior Court,* 43 R. I. 194; *Bishop* v. *Superior Court,* 50 R. I. 13.

In the instant case the employee was represented by counsel at all times and an appeal was claimed but it was never perfected under the statute. No accident, mistake or unforeseen cause was stated at the time when we heard and granted the employers' motion to dismiss the appeal on jurisdictional grounds. Nor does the instant petition recite any grounds to support accident, mistake or unforeseen cause, or to explain the employee's failure to perfect his appeal, or why he waited three and one-half years before seeking relief by the instant petition. In the ordinary case these combined factors would be sufficient to justify a refusal to entertain such a petition.

However, the workmen's compensation law is remedial and should be liberally interpreted and applied to effectuate its general purposes. *Bernier* v. *Narragansett Electric Co.,* 56 R. I. 438, 440; *Lopes* v. *B. B. & R. Knight, Inc.,* 50 R. I. 16, 22. In seeking to accomplish those purposes and to give effect to express findings as to incapacity, we have been required at times to fill certain gaps in the law by liberal interpretation. *Wareham* v. *United States Rubber Co.,*

73 R. I. 207; *Walsh-Kaiser Co.* v. *D'Ambra,* 73 R. I. 37. This has been necessary because the legislature did not specifically provide the procedures or standards in accordance with which relief could be given an employee where partial incapacity had been properly found but its extent had not been established. In doing so we have strongly indicated our support of the view that reasonable cooperation by an injured employee was necessary as a condition to his right to receive benefits of ordinary compensation. *M. & M. Transportation Co.* v. *Della Posta,* 74 R. I. 514. See also *Walsh-Kaiser Co.* v. *Champness,* 73 R. I. 44; *Walsh-Kaiser Co.* v. *D'Ambra, supra.*

However, we have not had occasion to consider precisely the effect of an employee's non-cooperation occasioned by his failure to submit to a major operation where the court has found as a fact on evidence that he is still totally incapacitated and that it is reasonable to require him to submit to such curative operation. At least we have not particularly discussed the question whether such an employee, if he later offers to submit to the curative operation, may have it performed and have the necessary medical and hospital expenses incidental thereto paid by the employer. In view of the novel question of law thus raised and the desirability of settling the practice where the act has not provided expressly for such contingency, we think that we should exercise our discretion liberally by issuing the writ so that the pertinent legal question may be heard on the merits.

The writ as prayed for is ordered to issue and to be made returnable October 2, 1950.

*Aram A. Arabian,* for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.,* for respondents George A. Fuller Company and Merritt-Chapman & Scott Corp.