MICHAEL J. BOVE, III, *et ux. vs.* THE BOARD OF REVIEW OF THE CITY OF NEWPORT.

NOVEMBER 21, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the decision of the board of review of the city of

Newport denying the petitioners' application for a special exception to use certain land owned by them in a business district as a gasoline service station. Pursuant to the writ the pertinent records have been certified to this court.

Under §78-3(6) of the zoning ordinance a gasoline filling station is not permitted in a business district unless a special exception therefor has first been granted by the board. The requirements for a special exception in a business district are set forth in §78-12(C) (3) of the ordinance. The board based their decision denying the application on the ground that petitioners had failed to meet such requirements.

The petitioners, on the other hand, contend that the action of the board is wholly illegal. Among the grounds relied upon is the contention that the hearing before the board was unlawful because the chairman, after having disqualified himself from voting on the ultimate decision, continued to participate in the conduct of the hearing.

At the beginning of the hearing the chairman announced that he had represented persons involved in a prior matter in connection with real estate in the general area involved and would therefore disqualify himself from voting on the ultimate decision on the application. He requested the alternate member of the board to participate in the proceedings and stated that the final decision respecting the grant or denial of the special exception would be made by the four regular members and the alternate member. However, he stated that he could not "divorce" himself from the position of chairman and therefore would participate "to such extent as may be required in the conduct of this hearing."

The board thereupon passed a motion by unanimous vote that the chairman "participate in the conduct of the hearing * * *." The vice-chairman acted as chairman for the purpose of such vote. Counsel for petitioners and counsel for remonstrants stated they had no objection to the procedure adopted by the board, but they also stated that they

desired to reserve their right to object and take exceptions to rulings which the chairman might make in the conduct of the hearing.

The hearing then proceeded before the chairman and the five other members of the board, with the stipulation that the rulings of the chairman would stand if there was no objection from any member of the board. Counsel for petitioners and remonstrants stated that they had no objection to such procedure. After the hearing the board voted unanimously to deny the application. It is admitted that the chairman did not participate in such vote.

In our opinion there is merit in petitioners' contention that the hearing was unlawful. G. L. 1956, §45-24-14, provides as follows:

> "Composition of board of review—Open hearings.— The board of review shall consist of five (5) members * * * . The chairman, or in his absence, the acting chairman, may administer oaths and compel the attendance of witnesses. The mayor of any city or the town council of any town shall have the right to name an auxiliary or sixth member of said board of review of said city or town, as the case may be, who shall sit as an active member when and if a member of said board is unable to serve at any hearing, upon request of the chairman of said board. All hearings of such board shall be open to the public."

The statute clearly does not provide for a hearing before six members. In *Menard* v. *Zoning Board of Review*, 83 R. I. 283, the court held that a board consisting of only three members was not legally constituted to function validly in accordance with the general enabling act. And in *May-Day Realty Corp.* v. *Zoning Board of Review*, 77 R. I. 469, the court upheld the petitioner's contention that in passing P. L. 1949, chap. 2293 (now G. L. 1956, §45-24-14), it was the plain intent of the legislature to provide that a zoning board of review when conducting hearings and arriving at their decisions should at all times consist of five participat-

ing members. The court in *May-Day Realty Corp.* in effect held that the legislature intended that five members would always be available to sit at hearings and thus make up the number which the general assembly deemed necessary in order to have a legal hearing by the board.

In our opinion the reasoning in *May-Day Realty Corp.* applies to the case at bar. The fact that the petitioners agreed to the procedure adopted by the board is of no legal significance. The statutory provision that the board of review shall consist of five members is a jurisdictional requirement and cannot be altered by the parties. Nor can the parties vest the board with jurisdiction not granted by the enabling act.

Having disqualified himself from participating in the ultimate decision on the application and having requested the alternate member to sit as an active member, it was clearly the duty of the chairman to take no part in the conduct of the hearing. The hearing before six members was a nullity under the act. In the circumstances it becomes unnecessary to consider the other questions raised by the parties.

The petition for certiorari is granted, the record of the hearing and the decision denying the petitioners' application for an exception or a variance is quashed, and the papers in the case which have been certified to this court are ordered sent back to the respondent board for a hearing de novo in accordance with law.

*Christopher T. Del Sesto, Jr., Fred Colagiovanni,* for petitioners.

*James S. O'Brien,* City Solicitor for City of Newport, for respondents.