279 A.2d 403.

ALBERT A. FOURNIER *vs.* STANDARD WHOLESALE COMPANY.

JULY 21, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This petition for certiorari was brought to review a ruling of a justice of the Superior Court who denied

the defendant's motion to dismiss a pending action brought by the plaintiff. The writ was issued, and pursuant thereto the record has been certified to this court.

The record discloses the following pertinent facts. On May 31, 1963, Albert A. Fournier commenced an action in negligence against defendant, Standard Wholesale Company, in the Superior Court for Newport County. The case was subsequently brought to trial before a jury in June 1967. On June 21, 1967, immediately following the presentation of plaintiff's case, defendant made a motion for a directed verdict under Super. R. Civ. P. 50(a).[1] In the trial justice's decision on the motion, he chose to treat defendant's request as a motion for a nonsuit under the last sentence of 50(a), and as such he granted defendant's motion and dismissed the case without prejudice.

On June 17, 1968, pursuant to the provisions of G. L. 1956, §9-1-22[2], complaint was again filed by Albert A. Fournier

[1]Rule 50(a):

"When Made: Effect. A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of all the evidence. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury. When a motion for a directed verdict is made without resting at the close of the evidence offered by an opponent, the court in lieu of granting the motion may order the claim involuntarily dismissed, which dismissal shall be without prejudice."

[2]"9-1-22. Extension of time after termination of action.—If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or if he dies and the claim survives, his executor or administrator, may commence a new action upon the same claim within one (1) year after the termination."

against defendant, Standard Wholesale Company. The summons and complaint in this action were served on defendant on October 15, 1968. In January 1970, defendant filed two motions to dismiss the latter action. The motions were based on: (1) the failure of plaintiff to effect timely service on defendant in the latter action, and (2) res judicata based on the prior proceedings.

At the hearing on defendant's motions, defendant argued that in the second suit a four-month delay in service of process justified a dismissal of the action. His remaining argument was that the trial justice in the first action abused his discretion in treating defendant's motion for a directed verdict as a motion for an involuntary dismissal. The defendant contends that a directed verdict should have been granted, and that under the rule of res judicata, the second suit should be barred.

As we noted above, after the hearing, a decision was rendered denying both of defendant's motions to dismiss. Subsequently, the instant petition for certiorari was filed here.

## I

We shall first dispose of defendant's contention involving lack of seasonable service of process. In our opinion, it is unnecessary to consider the question of whether a four-month period amounts to timely service, since the denial of defendant's motion on this ground and at this time, prior to the hearing on the merits, lacks sufficient elements of finality to justify review by certiorari. *Chew* v. *The Superior Court*, 43 R. I. 194, 110 A. 605.

Nor do the facts present a situation which would justify the issuance of the writ because of exceptional circumstances which would result in probable and irreparable harm from delay. *See Conte* v. *Roberts*, 58 R. I. 353, 192 A. 814.

It is our view, therefore, that on this ground petition by way of certiorari was premature, and that the writ was improvidently issued.

## II

Under defendant's second contention, we are asked to review the rulings of the trial justice in the first suit, where a dismissal without prejudice was granted on June 21, 1967. The defendant's petition for certiorari attacking that decision was filed in this court on October 23, 1970, approximately 40 months after the dismissal was granted.

In the absence of specific statutory requirements, a petition for certiorari is addressed solely to this court's discretion. *Mancini* v. *Superior Court*, 77 R. I. 262, 75 A.2d 300. That discretion will not be exercised where there has been unreasonable and unexplained delay in seeking relief. *Sahagian* v. *Superior Court*, 47 R. I. 85, 129 A. 813.

The defendant argues that the delay was due to his inability to obtain a transcript of the June 1967 proceedings before January 1970. To accept this view would result in the untenable situation of allowing a party two and one-half years to obtain a record of proceedings below before even *filing* for review by certiorari. This we will not do.

The petition for certiorari is denied and dismissed as improvidently issued; the writ heretofore issued is quashed; and the record in the case is ordered returned to the Superior Court with our decision endorsed thereon.

Motion for reargument denied the same not having been filed on time pursuant to rules of court.

*Moore, Virgadamo, Boyle & Lynch, Jeremiah C. Lynch,* for respondent-plaintiff.

*Hinckley, Allen, Salisbury & Parsons, George M. Vetter, Jr. and James K. Irvin* of Counsel, for petitioner-defendant.