355 A.2d 400.

VERA M. LATHAM *vs.* STATE OF RHODE ISLAND
DEPARTMENT OF EDUCATION *et al.*

APRIL 7, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

Doris, J. This is an appeal from a Superior Court judgment dismissing the plaintiff's appeal from a decision of the Board of Regents for Education. The Board of Regents had upheld a decision of the Commissioner of Education in which he had upheld a decision of the North Kingstown School Committee not to renew the teaching contract of the plaintiff for the 1971-72 school year.

The cause was heard on an agreed statement of facts by a Superior Court justice, the pertinent portions of which are as follows: The town of North Kingstown had employed plaintiff, Vera M. Latham, as a nontenured teacher for the school year 1970-71. On or about February 24, 1971, the North Kingstown School Committee notified plaintiff that her contract would not be renewed for the 1971-72 school year. The plaintiff then requested a hearing and a statement of causes pursuant to G. L. 1956 (1969 Reenactment) §16-13-4. After hearing, the school committee reaffirmed its decision not to renew plaintiff's contract for the 1971-72 school year. Thereafter, plaintiff appealed to the Commissioner of Education who denied her appeal on September 28, 1971. The plaintiff then appealed to the Board of Regents which on May 3, 1973, denied the appeal. On August 16, 1973, plaintiff filed her appeal from the decision of the Board of Regents to the Superior Court.

After the appeal to the Superior Court, the North Kingstown School Committee intervened as a party defendant and filed a motion to dismiss the appeal on the ground that the appeal from the decision of the Board of Regents is governed by §42-35-15(b), the Administrative Procedures Act, and that since it was filed more than 30 days following the decision of the Board of Regents, the Superior Court was without jurisdiction to hear the appeal.

The Superior Court justice citing *Jacob* v. *Burke*, 110 R. I. 661, 296 A.2d 456 (1972), ruled that any teacher, whether tenured or nontenured, after exhausting administrative review has an express right to judicial review in the Superior Court under the provisions of §16-13-4.

The Superior Court justice then stated that since §16-13-4 is not specifically exempt from the operation of chapter 35 of title 42 the appeal period set forth in §42-35-15 (b) is applicable in this case. The trial justice then concluded that plaintiff's appeal was not filed within the limit stated for appeal in §42-35-15(b) and granted defendant's motion to dismiss the appeal.

The defendant contends that the provisions of the Administrative Procedures Act, including the 30-day period within which to appeal from agency decisions, is applicable to tenured and nontenured teachers notwithstanding that chapter 49 of title 16 is excluded from the application of the Administrative Procedures Act. He argues that in 1969 when the Legislature amended section 18 of the Administrative Procedures Act by providing that chapter 49 of title 16 would not be subject to the Act it did not exempt the Board of Regents itself from its provisions but only those functions of the Board that are governed by chapter 49. The defendant further argues that §16-13-4, under which plaintiff's appeal to the Superior Court is filed is not specifically exempted by chapter 49 and, therefore, the 30-day appeal period set out in §42-35-15(b) is applicable to plaintiff's appeal.

The plaintiff argues that §16-49-12 (formerly §16-49-15) expressly exempts decisions of the Board of Regents from judicial review under the Administrative Procedures Act and that under *Jacob* v. *Burke, supra,* all decisions of the Board of Regents are exempt from appeal under the Administrative Procedures Act, but that in those cases involving tenured teachers dismissed for cause or non-

tenured teachers whose contracts are not renewed, there is an express right of appeal to the Superior Court under §16-13-4. The plaintiff also argues that by reason of §42-35-18(a)(17), chapter 49 of title 16 creating the Board of Regents is specifically exempted from the provisions of the Administrative Procedures Act.

The trial justice correctly points out that in *Jacob* v. *Burke, supra,* we stated that an appeal of a tenured or nontenured teacher from a decision of the Board of Regents is properly governed by §16-13-4, and also that as a precondition to taking such an appeal, plaintiff must have exhausted all available remedies within the particular administrative agency.

The trial justice, however, was of the opinion that such a procedure applies to all administrative agencies and is applicable to the instant controversy since §16-13-4 does not set forth any time limits for the filing of an appeal. The Superior Court justice was of the opinion that if it was the intention of the Legislature to exempt chapter 13 of title 16 then it would have so stated specifically in §42-35-18(a), and that if the provisions of the Administrative Procedures Act do not apply to §16-13-4, as urged by plaintiff, then the statute lacks any definite period within which an appeal might be taken, which appeared to her to be a doubtful intention by the Legislature. The Superior Court justice ruled the Administrative Procedures Act, including the 30-day appeal period, applicable to the present controversy and granted defendant's motion to dismiss plaintiff's appeal.

In the case of *Jacob* v. *Burke, supra,* we pointed out that there were two different statutes governing appeals within the Department of Education. We stated that §16-39-2 governed all appeals from local school committee decisions excepting those involving tenured or nontenured teachers which were governed by §16-13-4.

In *Jacob* we stated:

> "The plaintiff, on the other hand, correctly points out that said 1969 reorganization act, specifically §16-49-15*, *expressly exempts decisions of the board of regents from judicial review under the provisions of the Administrative Procedures Act.*" (Emphasis added.) *Id.* at 668, 296 A.2d at 460.

We further said:

> "Specifically, whereas the former 'department of education' consisted of a commissioner of education and a board of education, the reorganized department consists of a commissioner of education and a board of regents. However, the effect of the reorganization was not to eliminate administrative review within the agency for teachers who have been dismissed for cause or whose contracts have not been renewed. Rather, the administrative review for such teachers is identical to that of any other person aggrieved. Having exhausted such administrative review, however, tenured teachers dismissed for cause, or non-tenured teachers whose contracts are not renewed, unlike all other persons aggrieved by the decision of a local school board, have an express right to judicial review in the Superior Court. *Id.* at 670-71, 296 A.2d at 461.

We reaffirm what we pointed out in *Jacob*, that all decisions of the Board of Regents are exempt from judicial review under the provisions of the Administrative Procedures Act including those appeals of tenured and non-tenured teachers under §16-13-4. The trial justice therefore erred in holding that the Act applied to plaintiff's appeal, and that plaintiff's appeal was not filed within the time limits stated for appeal in §42-35-15(b).

Where there is no limit set forth in the statute as to the time for filing an appeal to the Superior Court as is the case here, the question remains as to the time when

*Now §16-49-12.

an appeal must be filed. We follow the generally accepted rule that, in the absence of any limitation fixed by statute, an appeal must be filed within a reasonable time otherwise the appeal will be denied because of laches. However, laches is not, like limitation, a mere matter of time, but is principally a question of the inequity of permitting the claim to be enforced — an inequity founded on some change in the condition or relation of the property or party involved. Here, we can perceive no reason why the doctrine of laches should be invoked and, therefore, hold that the time within which the plaintiff filed her appeal to the Superior Court is reasonable.

The defendant argues that plaintiff has no right of appeal to this court, contending that the only course of review available to a party aggrieved by the Superior Court decision in cases wherein that court is given original appellate jurisdiction under the provisions of §16-13-4 is by way of petition for common law certiorari to this court.

In *Schiavulli* v. *School Comm.*, 114 R. I. 443, 334 A.2d 416 (1975), we noted that in designating the Superior Court as the tribunal having original appellate jurisdiction in matters of dismissals or renewal of teachers' employment contracts, the Legislature has failed to provide a vehicle for review of the action taken in the Superior Court. We stated that lacking the statutory jurisdiction, we will exercise the revisory and appellate jurisdiction that we have over all inferior tribunals and issue a prerogative writ. We set forth that the procedure to be followed in cases of this kind wherein review is sought in this court of the action of the Superior Court in reviewing actions taken by the Board of Regents will be had by way of a petition for common law certiorari. Our decision in *Schiavulli*, however, was filed after the instant case had been filed in this court and in the circumstances of this case we will not fault plaintiff for failure to follow the rule and we

will fashion our own writ. *Schiavulli* v. *School Comm., supra; Hester* v. *Timothy,* 108 R. I. 376, 275 A.2d 637 (1971).

Consequently, we will treat plaintiff's appeal as the equivalent of a writ of certiorari for the purpose of reviewing the Superior Court's action in dismissing plaintiff's appeal from the decision of the Board of Regents on the ground that the Superior Court was without jurisdiction to hear the appeal.

In the absence of specific statutory requirements, certiorari is addressed solely to the court's discretion which will not be exercised where there has been unreasonable and unexplained delay in seeking relief. *Fournier* v. *Standard Wholesale Co.,* 108 R. I. 744, 279 A.2d 403 (1971); *Mancini* v. *Superior Court,* 77 R. I. 262, 75 A.2d 300 (1950). Here, in the circumstances of the case we can find no unreasonable delay on the part of the plaintiff.

Treating the proceeding herein as if it were certiorari, the judgment entered in the Superior Court is quashed, and the records in the case are ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Chief Justice Roberts did not participate.

*Natale L. Urso, Charles H. Eden,* for plaintiff.

*Julius C. Michaelson,* Attorney General, *Coffey, McGovern and Novogroski, John G. Coffey, Jr.,* for defendants.