399 A.2d 1247.

EVERETT A. DAVIS *vs.* RHODE ISLAND
BOARD OF REGENTS FOR EDUCATION *et al.*
APRIL 13, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J.    This is a petition for certiorari wherein the petitioner, Everett Davis (Davis), seeks review of a Superior Court judgment sustaining the decision of the Board of Regents. The Board of Regents affirmed the decision of the Commissioner of Education (commissioner), which upheld the dismissal of Davis by the Lincoln School Committee (school committee).

Davis began teaching in the Lincoln School Department in September 1963. He became tenured in 1966. On October 5, 1973, however, the school committee notified Davis that it

was dismissing him from his teaching position.[1] A dismissal hearing was later conducted over the course of nine sessions.[2] All five members of the school committee convened at five of the sessions. Four members were present at three of the sessions, and three school committee members attended one session. After the hearing, the school committee decided to dismiss Davis from his teaching position immediately.

Davis appealed the decision of the school committee to the commissioner,[3] who heard pursuant to G.L. 1956 (1969 Reenactment) §16-13-4[4] and §16-49-6(8)(h).[5] After weighing

[1]The school committee chairman notified Davis that the reasons for his dismissal were: (1) failure to conform to the rules and regulations of the school committee; (2) failure to carry out the instructions and orders given by the supervisors in the school system; (3) failure to use classroom conduct becoming to a teacher; (4) failure to use reasonable methods of discipline in the classroom; (5) failure to use necessary and reasonable methods of discipline.

[2]The school committee held the hearings on November 29, 1973; December 4, 11, and 18, 1973; March 19 and 26, 1974; June 6 and 17, 1974; and July 30, 1974.

[3]Before the commissioner, Davis contended that the school committee sent him a letter of dismissal in retaliation for a grievance filed by the Lincoln Teachers' Association on his behalf; that as a tenured teacher he cannot be discharged for failure to maintain discipline; that he is on annual contract and therefore can be dismissed only for actions that occurred on or after the beginning of the 1973-74 school year, and that there was no evidence or testimony of any alleged misconduct or violations on his part since September 1973; that he is not guilty of any of the charges made by the school committee; and that the hearing conducted by the school committee denied him constitutional due process. In his decision, the commissioner addressed each of these issues.

[4]Section 16-13-4 provides in pertinent part: "Any teacher aggrieved by the decision of the school board shall have right of appeal to the state department of education and shall have the right of further appeal to the superior court."

[5]Section 16-49-6 provides in pertinent part:

"In addition to the general supervision of the department of education and the appointment of the several officers and employees of the department, it shall be the duty of the commissioner of education:

* * *

(8)   To supervise the following specific functions:

(h)   To interpret school law and to decide such controversies as may be appealed to him from decisions of local school committees."

the evidence and testimony presented at the school committee hearing, the commissioner found that "the charges were substantiated to the extent that a reasonable man would conclude that the School Committee had good and just cause to dismiss [Davis]."

Davis then appealed to the Board of Regents, which affirmed the decision of the commissioner, whereupon Davis appealed to the Superior Court. Before the Superior Court Davis argued that the absence of one or more school committee members from some of the hearing sessions deprived the school committee of jurisdiction to determine the controversy. Affirming the decision of the Board of Regents, the Superior Court upheld the validity of the school committee's decision because a quorum attended each of the hearing sessions. After the Superior Court judgment was entered, Davis filed a motion for relief pursuant to Super. R. Civ. P. 60(b), which the trial court denied. Meanwhile, Davis petitioned this court for a writ of certiorari. We denied the petition without prejudice on April 27, 1976. Later, on January 11, 1977, Davis again brought a petition for a writ of certiorari, contending that the Superior Court erred as a matter of law because §16-13-4 required all of the school committee members to attend all nine of the hearing sessions.[6] We granted the second petition, referring to *Fournier* v. *Standard Wholesale Co.*, 108 R.I. 744, 279 A.2d 403 (1971). *Fournier* stands for the proposition that when the issue of whether to allow a petition for certiorari is addressed solely to the discretion of this court, we shall not grant the petition where there has been an unreasonable and unexplained delay in seeking relief. *Id,* at 747, 279 A.2d at 405. We thus requested the parties to brief and argue the issue of whether Davis had unreasonably and inexplicably delayed in seeking

---

[6]Section 16-13-4 provides in pertinent part: "Hearing on dismissal for cause — Appeals. — Statement of cause for dismissal shall be given the teacher in writing by the governing body of the schools at least one (1) month prior to the close of the school year. The teacher may, within fifteen (15) days of such notification, request in writing, a hearing before the full [school] board."

relief in this court. We shall address the delay issue before we reach the merits of Davis' petition.

I

Certiorari, a prerogative writ, *Sahagian* v. *Superior Court*, 47 R.I. 85, 88, 129 A. 813, 814 (1925), is the only means of obtaining review of the discretion exercised by the Superior Court in affirming or reversing a ruling of a local board. *See, e.g., A. T. & G., Inc.* v. *Zoning Board of Review*, 113 R.I. 458, 462, 322 A.2d 294, 296 (1974). In the absence of statutory jurisdiction, this court has discretion in determining whether to grant petitions for certiorari. *See Latham* v. *State*, 116 R.I. 245, 251, 355 A.2d 400, 403 (1976); *Schiavulli* v. *School Committe*, 114 R.I. 443, 445, 334 A.2d 416, 417 (1975); *Mancini* v. *Superior Court*, 77 R.I. 262, 265, 75 A.2d 300, 301 (1950). As in *Fournier*, we have refused to consider the merits of petitions filed by those who have unreasonably and inexplicably delayed in seeking relief. *See also* cases cited in *Mancini* v. *Superior Court*, 77 R.I. at 265, 75 A.2d at 301-02. In *Fournier*, the defendant delayed filing his petition for certiorari for approximately 40 months and attempted to explain that delay as the result of his inability to obtain a transcript. 108 R.I. at 747, 279 A.2d at 404-05. We denied the petition for certiorari because of what we deemed a lack of due diligence on the part of the defendant, combined with the passage of an unreasonable length of time before he sought relief in this court. *Id. See also Sahagian* v. *Superior Court*, 47 R.I. 85, 129 A. 813.

In the situation before us, Davis waited 8½ months from April 27, 1976, when we denied his first petition for certiorari, until January 11, 1977 to re-petition this court. Nevertheless, we consider concurrently the length of the delay and the circumstances leading to the delay in deciding whether to grant a petition for certiorari. *See Fournier* v. *Standard Wholesale Co.*, 108 R.I. at 747, 279 A.2d at 405. In the situation before us, the delay of 8½ months, although protracted, does not alone warrant a denial of Davis' petition for certiorari in the face of the extenuating circumstances peculiar to the situation before us.

In response to our request that the parties brief the delay issue, petitioner revealed that he waited until publication of *Jacob* v. *Board of Regents for Education*, 117 R.I. 164, 365 A.2d 430 (1976), which interpreted the term "full board" as used in G.L. 1956 (1969 Reenactment) §16-13-4, before he re-petitioned this court for certiorari. Because the *Jacob* decision treated the precise issue raised by petitioner, we are of the opinion that he has neither unreasonably nor inexplicably delayed in filing the present petition for certiorari. We now proceed to address the issue raised by Davis in his petition for certiorari.

## II

In support of his petition Davis argues that the school committee is without jurisdiction to conduct a hearing when less than its full complement of members is present; that the school committee is without jurisdiction to conduct a hearing when less than a quorum is present; and that his attorney attempted to waive the right to a hearing before a full board for one session only and that this waiver did not refer to the absence of a quorum.

We can answer Davis' first two contentions by referring to *Jacob* where we held that §16-13-4, which allows teachers to request a dismissal hearing before the "full board" of the school committee, requires the attendance of all committee members at such hearings. We premised the *Jacob* decision upon our ruling in *May-Day Realty Corp.* v. *Zoning Board of Review*, 77 R.I. 469, 77 A.2d 539 (1950), that matters otherwise properly before the zoning board cannot be decided by less than all of its members. *Id.* at 474, 77 A.2d at 542. Moreover, a full board must be in attendance at all times during the hearing. *See Bove* v. *Board of Review*, 95 R.I. 197, 199-200, 185 A.2d 751, 752 (1962), *citing May-Day Realty Corp.* v. *Zoning Board of Review, supra.*

The rule enunciated in *Jacobs* mandates the conclusion in this case that the failure of all school committee members to attend each hearing session rendered the resulting decision illegal because the board was improperly constituted. *See*

*Menard* v. *Zoning Board of Review*, 83 R.I. 283, 284, 115 A.2d 533, 533-34 (1955).

Davis' final contention is that his attorney attempted to waive the right to a hearing before a full board for only one session and that this waiver did not affect his right to have a quorum present. This argument becomes superfluous in light of the fact that a statutory provision such as §16-13-4 cannot be altered by either of the parties. *Bove* v. *Board of Review*, 95 R.I. 197, 200, 185 A.2d 751, 752 (1962).

The school committee attempts to bootstrap its hearing by arguing that the existence of defects in the proceeding is of no legal significance because the record before this court was technically made on review at the trial de novo hearing before the commissioner. This argument has no merit, however, because in instances where a decision is rendered by an improperly constituted school committee, the only course of action available to the commssioner is to remand the case back to the school committee for a hearing before all of its members. In view of the fact that Davis did not have a school committee hearing consistent with what we identified in *Jacob* v. *Board of Regents for Education* as the intent of the General Assembly to provide for dismissal hearing before all school committee members, we hold that Davis is entitled to another hearing.

For the foregoing reasons, Davis' petition for certiorari is granted, the judgment of the Superior Court is quashed and the records certified are ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Justice Weisberger did not participate.

*Urso and Adamo, Natale L. Urso*, for petitioner.

*Swan, Jenckes, Asquith & Davis, Harry Asquith, Edward W. Moses* (for School Committee of the Town of Lincoln), for respondent.