401 A.2d 438.

BERNARD F. MCSALLY *et al. vs.* THE BOARD OF REGENTS
OF THE STATE OF RHODE ISLAND.
MAY 9, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

DORIS, J.   This is a certiorari proceeding wherein the Warwick School Committee seeks review of a Rhode Island Board of Regents' order affirming an order of the Commissioner of Education remanding a matter to the School Committee.

In June 1974, the Warwick School Committee adopted a plan for the structural reorganization of the school department that resulted in the elimination of certain administrative positions and the creation of others. At the time William R. O'Brien occupied the position of Supervisor of Business-Industry School Programs. The reorganization plan mandated the establishment of a new position, Coordinator of Career and Adult Education, that combined the functions of the Supervisor of Business-Industry School Programs and the Supervisor of Extended Day Services. The incumbent in the latter position was appointed to the newly created post. On February 27, 1975, O'Brien was informed by school officials that his position would be eliminated at the conclusion of the 1974-75 school year and that a teaching

position would be arranged for him. On March 10, 1975, O'Brien requested a private hearing before the school committee to discuss the elimination of his position. His request was accommodated and on March 25, 1975, O'Brien and his attorney met with the school committee in executive session. The minutes of that meeting do not disclose whether the school committee rendered a decision in the matter.

In August 1975, O'Brien was notified that he would be given the position of "occupational specialist" for the coming school year. In September 1975, he began working in his new position and received an administrator's salary. At the time he was satisfied with his new position and the salary he was receiving. Approximately one month later, however, he ceased being compensated as an administrator and began receiving a teacher's salary. Accordingly, on November 26, 1975, O'Brien appealed the school committee's decision not to reappoint him as an administrator for the 1975-76 school year to the Commissioner of Education.

The commissioner held that O'Brien was guilty of laches because he unreasonably delayed eight months before exercising his right to appeal the decision of the school committee. O'Brien appealed to the Board of Regents. The board remanded the matter to the Commissioner of Education for a hearing and determination on the issue of laches because he had failed to find sufficient facts to constitute laches. Thereafter, the parties presented additional evidence before the commissioner on the question of laches. The commissioner reversed his earlier decision, finding that O'Brien was not barred by laches because he did not discover until October 1975, that he would not continue to receive an administrator's salary for his service as an occupational specialist. By agreement of the parties the commissioner then proceeded to decide the merits of the controversy based upon the record developed at the initial hearing before him. The commissioner found that at the March 25, 1975 "hearing" before the school committee no sworn testimony was given nor was a transcript made of the proceedings. Furthermore, there was no evidence that the school committee rendered a

decision subsequent to that hearing. Therefore, the commissioner was unable to determine whether the March 25 meeting was in fact a hearing, and if so whether it was legally adequate. The commissioner remanded the matter to the school committee with directions that the latter conduct a hearing, maintain an adquate record of the meeting, and provide O'Brien with a written copy of the committee's decision. The school committee appealed this order to the Board of Regents and the board affirmed the commissioner's action remanding the matter to the school committee. The school committee then petitioned this court for issuance of a writ of certiorari. We issued the writ and requested the parties to address three issues in their briefs and oral presentations: (1) whether certiorari is the proper remedy; (2) whether the school committee has standing to petition for a writ of certiorari, and (3) whether the Commissioner of Education has the authority to remand a case to the school committee.

Because this is a certiorari proceeding, the only issue before us is whether the Board of Regents erred as a matter of law when it affirmed the commissioner's order remanding the matter to the Warwick School Committee. *See, e.g., Providence Journal Co.* v. *Mason,* 116 R.I. 614, 620, 359 A.2d 682, 685 (1976); *Lemoine* v. *Department of Mental Health, Retardation & Hospitals,* 113 R.I. 285, 288, 320 A.2d 611, 613 (1974). The sole issue that we need address is whether the Commissioner of Education has the authority, express or implied, to remand a matter to a local school committee in the circumstances presented by this case. Therefore, we shall assume, without deciding, that certiorari was appropriate and that the school committee had standing to invoke judicial review. We shall therefore address directly the controlling issue.

Our recent decision in *Davis* v. *Rhode Island Board of Regents,* 121 R.I. 473, 399 A.2d 1247, addressed an analogous issue. In *Davis* a teacher challenged his dismissal by the school committee on the ground that a full board was not present

when the hearing was conducted as mandated by our decision in *Jacob* v. *Board of Regents for Education*, 117 R.I. 164, 365 A.2d 430 (1976). The school committee contended that any defects in its proceedings were immaterial because the commissioner had conducted a de novo hearing. We held in *Davis* that in cases in which a decision is rendered by less than the full complement of school committee members, the only course of action available to the commissioner is to remand the case to the school committee for a hearing before all of its members. We believe that this reasoning underlying our decision in that case applies with equal force to the instant case. When the commissioner concludes that the prior proceedings and record developed therein are so inadequate that he cannot determine whether the legal requisites were complied with, and there is no indication that the school committee ever reached a decision on the contested matter, he has the inherent authority to remand the matter to the school committee.

By statute the Commissioner of Education is authorized to decide controversies appealed to him from decisions of local school committees. G.L. 1956 (1969 Reenactment) §§16-39-2, -49-6(8)(h). Not surprisingly, the Legislature did not expressly provide for a remand procedure in cases such as this. That such power inheres in the office of Commissioner of Education, however, is obvious from both the legislative framework and prior decisions of this court. Section 16-2-18 vests the "entire care, control, and management" of the public schools in the school committees. Accordingly, the school committee is the initial forum where parties such as Mr. O'Brien can air their complaints. Once the matter is appealed to the commissioner, however, his appellate powers are broad. *See School Committee* v. *State Board of Education*, 103 R.I. 359, 364, 237 A.2d 713, 716 (1968). Over a century ago this court took cognizance of this broad power when commenting on the special importance of the legislatively established procedure for review of school committee decisions:

"School committees, however honest, may be subject to local influences; and the very knowledge that their determination was likely to be reviewed by a disinterested person might, in many cases, prevent an improper decision, and a commissioner would seldom reverse a decision of a committee unless he was satisfied that the public good or justice to individuals required it. And for the purpose of securing uniformity in the administration of the law, this provision  is very important." *Appeal of Cottrell,* 10 R.I. 615, 618, (1873).

In such a context we think it clear that the commissioner may, although need not, remand a case such as this to the school committee so that an adequate hearing can occur and a record kept. Were we to hold otherwise, we would be implicity converting the office of commissioner into a tribunal of original jurisdiction, thereby eviscerating the most important forum in the administrative hierarchy — the school committee.

The petition for certiorari is denied, the writ heretofore issued is quashed, and the papers in the case are ordered returned to the Board of Regents with our decision duly endorsed thereon.

Mr. Justice Joslin did not participate.

*William J. Toohey,* City Solicitor, Warwick, *Russell Bramley,* Assistant City Solicitor, Warwick, *Thomas L. McDonald,* Warwick, Assistant City Solicitor, for petitioners.

*J. Peter Doherty,* Legal Counsel, Department of Education, *William C. Clifton,* Legal Counsel, Department of Education, for respondents, *James Farrell McAleer, for William O'Brien.*