237 A.2d 713.

## SCHOOL COMMITTEE OF THE CITY OF PAWTUCKET *vs.* STATE BOARD OF EDUCATION *et al.*

FEBRUARY 1, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a petition for certiorari, brought on the authority of G. L. 1956, §42-35-16, as amended, to review certain questions of law which are alleged to have been decided erroneously by a superior court justice in rendering judgment on an appeal from a decision of the state board

of education. The writ issued, and in compliance therewith the pertinent records were duly certified to this court.

It appears from such records that on October 5, 1964, through October 13, 1964, teachers who had contracted with the Pawtucket school committee, hereinafter referred to as petitioners, to teach in the public schools of that city, failed to report for duty. October 5, Monday, through October 9, Friday, were regularly scheduled school days, as was Tuesday, October 13. The intervening October 10 and 11 were Saturday and Sunday and the following day, October 12, was Columbus Day, a school holiday, by virtue of §16-20-1.

It further appears that for some years it had been the custom in Pawtucket to pay teachers every two weeks for forty-two weeks on the basis of five days, Monday through Friday, for each week—or 210 days. For the two-week period October 5 through October 18 the teachers involved had a deduction in their salaries of 7/210ths. This represented a deduction for the six school days and for Columbus Day.

The absenting teachers, contending that Columbus Day should not have been included as a deductible day, appealed from petitioners' action to the state commissioner of education, as authorized by §16-39-2.[1]

On consideration of the record before him, the commissioner reversed petitioners, ruling that while the deduction of 1/210th for each school day missed was a reasonable method of computing the absenting teachers' compensation for the two-week period in question, they could not be penalized 1/210th for not reporting for duty on a day which the legislature had expressly excluded as a school day. He

---

[1] Any person aggrieved by any decision or doings of any school committee or in any other matter. arising under any law relating to schools or education may appeal to the commissioner of education who, after notice to the parties interested of the time and place of hearing, shall examine and decide the same without cost to the parties involved.

ordered petitioners to restore the 1/210th representing Columbus Day.

From this decision, petitioners appealed to the state board of education pursuant to the provisions of §16-39-3.[2] After a hearing thereon the board sustained the commissioner, and from this decision petitioners appealed to the superior court pursuant to the provisions of §42-35-15 (a), as amended.[3]

We deem it advisable to note at this juncture that although not raised by the parties, this court recognizes that the status of the school committee as aggrieved persons within the meaning of §42-35-15 (a), as amended, is open to question. However, in view of the substantial public interest involved in the merits of the instant controversy we conclude that this question at large can best be left to a subsequent controversy in which it can be properly raised and argued.

Throughout the proceedings, beginning with the grievance lodged by the teachers with petitioners, and through the hearing conducted by the board of education, it was conceded that the contract between the parties had never been reduced to writing, nor was any evidence offered as to an oral contract, the terms of which would be controlling on the question in dispute. Taking note of this circumstance the trial justice rightfully concluded that petitioners' decision must be found to conform to contractual obliga-

---

[2] Any decision of the commissioner in such matters shall be subject to an appeal to and review by the board of education.

[3] Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. Any preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency decision would not provide an adequate remedy.

tions which in turn should be determined from prevailing customs and procedures applicable to the unwritten contract. The petitioners urged as being persuasive of the correctness of their computation three examples of when an absent teacher would not be compensated for a school holiday. It would serve no useful purpose to spell them out here. Suffice it to say that in each such example the compensation of the absent teacher for the two-week pay period would be reduced by 1/210th for each paid day missed, among which would be included a holiday, if any. They further argued that by state regulation, 180 days of teaching are scheduled for the school year, and the 7/210ths deducted from the two-week period in question equalled 1/30th of the required 180 school days, or six days, which were in fact the number of school days that the teachers were absent.

Acknowledging that these contentions represented a reasonable basis for petitioners' decision to reduce the teachers' compensation by 7/210ths, the superior court justice nevertheless held that since the contract between the parties had not been spelled out, it was not unambiguous, and its terms therefore were questions of fact, citing *Muirhead* v. *Fairlawn Enterprise, Inc.*, 72 R. I. 163, 48 A.2d 414 (1946), and *Russolino* v. *A. F. Rotelli & Sons, Inc.*, 85 R. I. 160, 128 A.2d 337 (1957).

He then proceeded to point out that while the compensation deduction of 7/210ths was a term of the contract which petitioners might justifiably have found to be a fact, it was the prerogative of the commissioner to make the equally reasonable finding of fact that the teachers' contract precluded a deduction of 1/210th for absenting themselves on a day which the legislature had expressly designated as a school holiday.

In making this determination the superior court justice stated:

"The Court is bound to conclude therefore that there was here involved an issue of fact upon which the School Committee, the Commissioner of Education, and the Board of Education each could have found either way without being so contrary to the evidence as to warrant a court in saying that the finding could not stand. And if that were true as to those three finders of fact it must be doubly true in regard to the court under the Administrative Procedures Act under which it is expressly provided that 'the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact'. This, it must be noted, is a much stronger restrictive mandate upon the court than would be the case if this issue in an ordinary action of law went to a jury and the court was then faced with a motion for a new trial. In the latter case the court would be bound to review the evidence and determine whether in its view the verdict was clearly against the weight of the evidence. Here however the Court can intervene only in case the finding is 'clearly erroneous' or 'arbitrary' or 'characterized by abuse of discretion or clearly unwarranted exercise of discretion'. The Court therefore must conclude that it would not be warranted in the present case in substituting its judgment for that of the Board of Education."

The petitioners contend that the trial justice misconceived the nature and scope of the jurisdiction vested in the commissioner of education to review appeals from decisions or doings of school committees, as well as that of the board of education in passing on an appeal from a decision of the commissioner. In brief, they argue, such appeals are not de novo and give neither the commissioner nor the board the right to substitute their respective judgments for that of the school committee, if the decision of the latter is not arbitrary or contrary to law. As illustrative of this contention they cite *Vaill* v. *McPhail*, 34 R. I. 361, 83 Atl. 1075 (1912).

That case is inapposite here. It examines the appellate

jurisdiction of this court in passing on appeals or a bill of exceptions taken to the decisions or rulings of the superior court and holds that the review of the cause in this court is limited to specifically alleged errors of law occurring in the cause in the superior court and does not permit of a trial de novo.

The jurisdiction of the commissioner and board of education in passing on appeals taken from decisions of school committees, however, is considerably broader than that of this court in reviewing an appeal or a bill of exceptions. We agree with the trial justice that from a reading of the decided cases[4] it is clear that §16-39-2 and precursory legislation give the commissioner of education the right to make a de novo decision in examining and deciding the issue involved.

Conceiving the legislature to have intended to vest the commissioner of education with broad powers in passing on appeals from decisions of school committees, Mr. Justice Potter in *Appeal of Cottrell, supra,* at page 618, stated:

> "* * * School committees, however honest, may be subject to local influences; and the very knowledge that their determination was likely to be reviewed by a disinterested person might, in many cases, prevent an improper decision, and a commissioner would seldom reverse a decision of a committee unless he was satisfied that the public good or justice to individuals required it. And for the purpose of securing uniformity in the administration of the law, this provision is very important."

Nevertheless, in support of the instant petition, petitioners make a contention before us not made to the trial justice. It is that respondent teachers are not persons aggrieved within the meaning of §16-39-2. In support of this contention they rely on *McKeon* v. *Warwick School Com-*

---

[4]*Appeal of Gardiner,* 4 R. I. 602 (1858); *Crandall* v. *James,* 6 R. I. 144 (1859); *Appeal of Cottrell,* 10 R. I. 615 (1873); *Hasbrouck* v. *School Committee,* 46 R. I. 466, 128 Atl. 449 (1925).

*mittee,* 77 R. I. 421, 75 A.2d 313 (1950). There, teachers who had acquired tenure were offered contracts of engagement for an ensuing year by the terms of which they agreed to abide by rules and regulations relative to extra-curricular duties that the school committee might assign. It was further provided that failure to sign and return the contract within ten days would be considered a resignation from the school system of the city in question.

The teachers took the position that the extra-curricular duties to be imposed might constitute conditions of employment which went beyond the lawful power of the school committee to require. Against this background, they considered the unilateral resignation alternative as constituting dismissal without cause and appealed to the then director of education. He denied and dismissed the appeal on the grounds that the teachers were not aggrieved within the meaning of now §16-39-2, *supra,* and his decision was sustained by a justice of this court to whom the case had been presented pursuant to the provisions of the then prevailing G. L. 1938, chap. 199, sec. 3.

In approving the decision of the director of education, the then Chief Justice of this court pointed out that in the sound administration of the educational system, the responsibility for which the legislature had placed in school committees, there were extra-curricular duties which a school committee might properly require of its teachers. The appealing teachers' complaint, the chief justice then observed, was predicated on a presumption that the school committee might in the future adopt arbitrary or discriminatory rules and regulations. Until such time as this might happen, however, the teachers' complaint was without foundation. Summarizing, the Chief Justice stated at page 426, 75 A.2d at 315, "* * * In other words, it appears that unless there has been an infraction of law or some action by the committee which exceeds the powers granted to them under the

school or general law there is no litigated question of right to form the basis of an appeal under the statute."

It is this quoted language upon which the petitioners seize in support of their contention that the instant respondents were not aggrieved by the petitioners' decision. Here, however, the petitioners' decision construed their contract with the respondents as justifying a deduction of 1/210th of the latters' annual compensation. A more classic example of a litigated right adversely adjudicated would be hard to imagine. We find no merit in any of the petitioners' contentions.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the records certified to this court are ordered returned to the superior court with our decision endorsed thereon.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for petitioner.

*Abedon, Michaelson, Stanzler and Biener, Julius C. Michaelson, Richard A. Skolnik,* of counsel, for respondent.