301 A.2d 84.
GORDON E. BRYANT *vs.* JOHN G. CUNNIFF *et al. Members of the Foster-Glocester Regional School Committee.*

MARCH 5, 1973.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. On April 4, 1972 the Foster-Glocester Regional School Committee voted against renewing Gordon E. Bryant's contract as principal of Ponaganset High School. We granted Bryant's motion for leave to file a petition for certiorari to review that action. *Bryant* v. *Foster-Glocester Reg'l School Comm.,* 110 R. I. 907, 290 A.2d 613 (1972).

The material facts may be briefly stated. Bryant was hired as principal of Ponaganset High School for the school

year commencing September, 1968 and his employment contract was thereafter successively renewed on an annual basis for terms commencing respectively, on July 1, 1969, 1970 and 1971. On October 14, 1971 the committee, having become dissatisfied with his performance, voted unanimously to terminate his services as of the close of school on the following day.

In an attempt to block the ouster, Bryant sought injunctive relief from a Superior Court justice who, pending the filing of charges and a dismissal hearing thereon, ordered his reinstatement as principal and enjoined the committee from interfering with his employment in that position. Charges were subsequently filed, and exhaustive public hearings before the committee followed. The decision was announced on April 4, 1972. The committee found that the charges had been satisfactorily substantiated. It did not, however, dismiss him, but voted instead — one member dissenting — not to renew his contract for the ensuing year.

Bryant thereupon voluntarily discontinued his action in the Superior Court and moved in this court for leave to file a petition for a writ of certiorari. While awaiting our action, he appealed the committee's decision to the Commissioner of Education. Before that appeal could be heard, this court granted Bryant leave to file his petition for certiorari.

At the outset we dispose of the committee's procedural objection that Bryant, before commencing this proceeding, should have prosecuted his appeal to the Commissioner of Education, and then, if dissatisfied with the commissioner's decision, to the Board of Regents. That, of course, is the prescribed route, *Jacob* v. *Burke,* 110 R. I. 661, 666-67, 296 A.2d 456, 459 (1972), and ordinarily failure to exhaust those administrative remedies would preclude judicial review. *Hartunian* v. *Matteson,* 109 R. I. 509, 517-19, 288 A.2d 485, 489-90 (1972); *Paton* v. *Poirier,* 109 R. I. 401, 286 A.2d 243 (1972); *Warren Education Ass'n* v. *Lapan,*

103 R. I. 163, 174-75, 235 A.2d 866, 873 (1967); *Bray* v. *Barry,* 91 R. I. 34, 39-40, 160 A.2d 577, 580 (1960).

But this is a common law certiorari proceeding, the application for which was addressed to our discretion. *Fournier* v. *Standard Wholesale Co.,* 108 R. I. 744, 279 A.2d 403 (1971); *Wilkinson* v. *Harrington,* 104 R. I. 224, 243 A.2d 745 (1968); *In re Little,* 103 R. I. 301, 237 A.2d 325 (1968). We exercised that discretion in this case because in our judgment whether a high school principal is tenured and therefore not dischargeable except for cause is an important question in whose resolution the public has an interest. It had previously been answered one way by the Commissioner of Education, and another by the Board of Education (predecessor to the Board of Regents) and had not been before the courts. In these circumstances it was the kind of question which called for resolution without the delay which would have attended had we insisted upon prior exhaustion of administrative remedies.

We find *Irish* v. *Collins,* 82 R. I. 348, 107 A.2d 455 (1954) dispositive. There, the individual claiming tenure acted only in the capacity of a school superintendent, and was not actually engaged in "* * * teaching or in continuing service as a teacher in the ordinary acceptation of those terms * * *." *Id.* at 353, 107 A.2d at 457. We denied relief because the claimant did not furnish the "continuing teaching service" to the children and youth of this state which, in our opinion, was a prerequisite to tenure under the Teachers' Tenure Act, now G. L. 1956 (1969 Reenactment) ch. 13 of title 16.

Bryant attempts to distinguish between the superintendency in *Irish* and the principalship here. While he concedes that superintendents have never been teachers, he argues that principals have always been teachers. To support that position he relies upon G. L. 1956 (1969 Re-

enactment) §16-11-1[1] as well as upon its precursor, sec. XX of the legislation enacted on June 27, 1845 establishing a statewide system of public schools.[2] While each of those enactments makes certification as a teacher a condition of employment as a principal, neither stipulates that a person so employed must actually teach. Whether or not he does is a question of fact. He probably did in 1845 when it was not unusual for a school master to administer the affairs of a one-room schoolhouse as well as to instruct in "readin', 'ritin' and 'rithmetic." Unlike his 1845 prototype, however, Bryant is not a teacher with ancillary administrative obligations, but is instead, a principal-administrator who neither teaches nor engages in continuing service as a teacher. As such, his claim for tenure does not fall within the purview of the Act, and that finding, considered in the posture in which the case was argued, makes it unnecessary for us to reach the question of whether or not the committee correctly concluded that the charges against Bryant were substantiated.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned with our decision endorsed thereon.

Petition to reargue denied.

---

[1]Section 16-11-1 in pertinent part reads "No person shall be employed to teach, as principal or assistant, in any school supported wholly or in part by public money unless such person shall have a certificate of qualification issued by or under the authority of the state board of education."

[2]Section XX of the 1845 enactment provided that no person should be employed as "* * * principal or assistant, in any school supported in part or entirely by public money" unless certified as being of "good moral character" and "* * * qualified to teach the English language, arithmetic, penmanship, and the rudiments of geography and history, and to govern a school."

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Doris did not participate.

*Natale L. Urso,* for petitioner.

*Bradford Gorham,* for respondents.