354 A.2d 741.

EDWARD J. SLATTERY vs. SCHOOL COMMITTEE OF THE CITY OF CRANSTON et al.

SCHOOL COMMITTEE OF THE CITY OF CRANSTON vs. BOARD OF REGENTS FOR EDUCATION.

APRIL 8, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This proceeding involves two actions. The first is an appeal by the defendants from an order entered in the Superior Court in Edward J. Slattery v. The School Committee of the City of Cranston et al., No. 73-253-A.

The second is a petition for certiorari filed in this court in The School Committee of the City of Cranston v. Board of Regents for Education, No. 74-166 M.P. We ordered the two cases consolidated for hearing in this court. *School Comm. v. Board of Regents for Educ.*, 113 R. I. 934, 322 A.2d 304 (1974).

This controversy has a long history. On May 2, 1972, plaintiff, Edward J. Slattery, filed a complaint in the Superior Court against the Cranston School Committee and Dr. Joseph Picano, the Superintendent of Schools for that city. He alleged that he was being dismissed as a principal in the Cranston school system in violation of his rights under the Teachers' Tenure Act, G. L. 1956 (1969 Reenactment) chapter 13 of title 16. He sought injunctive relief ordering defendants to permit him to resume and continue his duties as principal and a declaratory judgment declaring that he had tenure as a principal under the Teachers' Tenure Act.

On May 23, 1972, a hearing was held before a justice of the Superior Court on plaintiff's prayer for a temporory injunction. The record discloses the following facts. The plaintiff had been employed by the Cranston School Department as a teacher from 1960 to 1962, as an assistant elementary school principal from 1962 to 1965 and as a principal from 1965 to 1972. As a result of Dr. Picano's feeling that plaintiff was not performing satisfactorily as a principal, plaintiff was not paid the full step on the salary scale of the statement of professional relations for the school years 1970-71 and 1971-72. He appealed the superintendent's action to the Commissioner of Education. In 1972 the latter ordered defendants to pay plaintiff the scheduled amount for the years in question. The defendants appealed the commissioner's decision to the Board of Regents for Education. On October 5, 1972, the Board

of Regents rendered a decision sustaining the commissioner's decision.

During the interim plaintiff went out on extended sick leave for a period commencing September 27, 1971 and ending February 15, 1972. In January 1972, he had meetings with Dr. Picano culminating in a meeting on February 7, 1972, at which Dr. Picano discussed plaintiff's performance as principal in the Cranston School Department. The plaintiff was informed that he could resign his position as principal and assume duties as a teacher and that he could thereafter reapply for the position as principal. He found this to be unacceptable and so informed Dr. Picano. The plaintiff was notified on February 4, 1972, that if the option posed by Dr. Picano was not exercised by him, Dr. Picano would make these same recommendations to the school committee. A compromise was reached wherein plaintiff requested a leave of absence as a principal with the understanding that he be appointed to a teaching position for the duration of the leave of absence. Subsequently he was appointed a teacher in the Cranston school system.

Sometime after his appointment plaintiff learned that the school department had commenced procedures to select and appoint a successor to him as principal of the Stone Hill Elementary School, the school in which plaintiff had served as principal continuously from August 1965 until his leave of absence commenced on September 27, 1971. The plaintiff immediately advised Dr. Picano that he wished to terminate his leave of absence and return to his position as principal.

The plaintiff then commenced this action in the Superior Court. In his complaint he alleges that he asked defendants to give him a statement of charges and a hearing on the charges if they wished to dismiss him as principal, but defendants have refused to do so. The sum and sub-

stance of his complaint is that his dismissal without a statement of charges and a hearing is illegal.

After the hearing on plaintiff's prayer for a temporary injunction, the trial justice, on June 27, 1972, rendered a decision granting plaintiff's prayer. He found that plaintiff held the office of principal; that the office of principal is a public office and is separate and distinct from the office of teacher; and that plaintiff was not protected in his status as principal by the Teachers' Tenure Act. However, relying on *Norton* v. *Adams,* 24 R. I. 97, 52 A. 688 (1902), he held that plaintiff, being a public officer, could not be dismissed from his office without charges, notice and hearing. He concluded that in the absence of a hearing on written charges after notice, plaintiff continued to be a "school principal."

In accordance with his decision an order was entered in the Superior Court temporarily enjoining defendants, pending a final decree in this case, (1) from permanently filling the vacancy in the office of principal from which plaintiff now has a leave of absence, and (2) from taking any action to affect plaintiff's status in the Cranston school system except after charges, notice and hearing. On July 7, 1972, defendants appealed from this order.

Meanwhile, on June 29, 1972, defendant school committee, pursuant to the trial justice's decision, adopted a resolution reinstating plaintiff to the office of principal "without prejudice to whatever further action this committee may take."

On August 15, 1972, Dr. Picano notified plaintiff by mail that a recommendation calling for his dismissal as principal would be submitted to defendant school committee for its consideration at a special meeting on August 29, 1972. The letter also informed plaintiff of the reasons for the recommendation and invited him to be present at the meeting with his attorney.

The plaintiff appeared at the meeting with his attorney and requested and received a closed hearing on the charges. On September 20, 1972, defendant school committee voted at an open meeting to dismiss plaintiff as principal and to assign him to a teaching position. By letter dated September 21, 1972, defendant school committee informed plaintiff of its decision and of the reasons and basis for its action.

On October 17, 1972, plaintiff appealed the action of the school committee to the Commissioner of Education on the ground that the action was taken without according him the benefit of the procedure set forth in the Teachers' Tenure Act, §16-13-4.

A de novo hearing was held by Dr. William P. Robinson, Jr., the Associate Commissioner of Education. On May 16, 1973, he rendered a decision affirming the action of defendant school committee in dismissing plaintiff as principal. After finding that plaintiff was a nonteaching principal, he held that as a nonteaching principal he was not covered by the Teachers' Tenure Act. The commissioner referred to our recent decision in *Bryant* v. *Cunniff*, 111 R. I. 211, 301 A.2d 84 (1973), where we held that a nonteaching principal was not covered by the Teachers' Tenure Act.

On May 29, 1973, plaintiff appealed from the commissioner's decision to the Board of Regents for Education.

On January 10, 1974, the board rendered a decision holding, in part, that "* * * cases such as this which involve personnel actions, the outcome of which must rest on the sufficiency of a school committee hearing, should be the subject of review by the Commissioner rather than a hearing 'de novo.'" Accordingly, the board remanded the case to the commissioner to determine the effect of the outstanding July 18, 1972 Superior Court order and to conduct a review of the hearing before the

school committee in the light of that outstanding court order with consideration for the fact that an appeal had been claimed from that court order.

Upon remand, the commissioner disregarded the record compiled during the 8-day "de novo" hearing before him and, instead, listened to the tape recording of the hearing held by defendant school committee. During the course of the hearing on remand, defendant attempted to introduce into evidence minutes taken by its clerk during the hearing before the school committee so as to assist the commissioner in his examination of the tapes. The commissioner refused to admit them.

In his decision he said:

> "Tape recordings of the hearing accorded the appellant before the School Committee are purportedly the record of that hearing. These tape recordings were not considered by us in rendering our decision of May 16, 1973. Upon receipt of the Board's decision by us, we listened to the tapes and found them to be so lacking in clarity that we were unable to determine what transpired at that hearing and concluded, therefore, that there was no adequate or sufficient record of the hearing. We so advised counsel for both parties by letter dated January 30, 1974, in which they were offered an opportunity to present arguments on the matter remanded by the Board, which arguments we heard on February 12, 1974."

He concluded that an essential element of due process, that is, the existence of an adequate record, was lacking in the hearing before defendant school committee. Then, accepting the trial justice's ruling that a public school principal is a public officer and as such is entitled to a hearing after notice, he went on to discuss the question of what constitutes an adequate hearing. He held in substance that at least a "minimally adequate" record of a hearing is an essential element of procedural due process. He stated that:

"If a hearing is subject to review by a higher officer or agency—as was the instant hearing held by the Cranston School Committee—, then a record of the findings and of the basis of the decision or decisions made at the hearing of first instance must exist in order that the higher officer or agency can properly exercise its statutorily mandated function of review."

After referring to two decisions[1] of this court relating to the adequacy of the record, the commissioner concluded that plaintiff was entitled to a new hearing by defendant school committee "* * * at which hearing a record must be kept adequate to permit a review thereof." Accordingly he remanded the matter to defendant school committee with instructions to accord plaintiff a full hearing forthwith and to maintain an adequate record of that hearing.

The defendant school committee appealed to the Board of Regents for Education from the commissioner's decision to remand and plaintiff appealed on the grounds that the commissioner should have ordered his reinstatement and compensation for wage loss pending further action of defendant school committee. On June 6, 1974, the board affirmed the decision of the commissioner. The board held that plaintiff's status was controlled by the outstanding Superior Court order and therefore concluded that plaintiff was entitled to hold the position of elementary school principal until such time as the school committee granted him a proper hearing, that is, a hearing of the type afforded to public officers at which a record, adequate for review, was kept. Accordingly the board ordered defendant school committee to reinstate plaintiff to the position of elementary school principal forthwith and to pay him the difference between the salary which he had received since

---

[1]The commissioner quoted language from *Tillotson* v. *Cranston City Council*, 61 R. I. 293, 295, 200 A. 767, 768 (1938), and *Hooper* v. *Goldstein*, 104 R. I. 32, 44-45, 241 A.2d 809, 815-16 (1968).

his removal from the position of principal and that which he would have received in that position from the date of his removal to the date of his reinstatement.

On June 28, 1974, the school committee filed a petition for a writ of certiorari asking this court to review and reverse the June 6, 1974 decision of the Board of Regents and, in the interim, to stay all orders of the board. The petitioner school committee alleges in its petition that no hearing was held by the board, the board having affirmed the commissioner's decision on the record and the briefs of the parties. It further alleges that it is aggrieved by the board's decision denying its appeal from the commissioner's decision for the following reasons: (a) the findings of the commissioner and the board are not supported by sufficient evidence; (b) those decisions are illegal and contrary to the law of this state; and (c) the decisions of the commissioner misinterpret the legal effect of the court order which is the subject of appeal in Case No. 73-253-A.

On July 23, 1974, we granted the writ without prejudice to the board's right to renew its objection thereto at the hearing on the merits. We denied the school committee's prayer for a stay and, as previously stated, we ordered that the school committee's petition for certiorari (No. 74-166 M.P.) be consolidated for hearing in this court with the school committee's appeal (No. 73-253 A.).[2] *School Comm.* v. *Board of Regents for Educ.*, 113 R. I. 934, 322 A.2d 304 (1974).

---

[2]On November 13. 1973, plaintiff filed a motion to dismiss defendants' appeal on the grounds that (1) defendants had failed to comply with Rules 3, 4, 10 and 11 of this court, and (2) the appeal is moot. On November 21, 1973, we entered an order denying plaintiff's motion to dismiss without prejudice to his right to renew the motion at the hearing on the merits. *Slattery* v. *School Comm.*, 112 R. I. 929, 311 A.2d 56 (1973).

## The Appeal — No. 73-253 A.

In our view of this case, the school committee's appeal from the Superior Court's temporary injunction of June 27, 1972 raises but one issue. That is, we must determine whether plaintiff was properly before the Superior Court in the first instance or whether the law prescribes a different method of judicial review. This requires that we first ascertain plaintiff's status and then that we determine what procedures are appropriate to that status.

At the time he was dismissed from his position by defendant-school committee, plaintiff was engaged in exclusively administrative duties as a principal in the Cranston public school system. He was not at that time engaged in teaching or in continuing service as a teacher within the ordinary acceptation of those terms. *See Bryant v. Cunniff, supra* at 213, 301 A.2d at 85-86 (1973). Consequently, in view of his status as a person other than a tenured teacher dismissed for cause or a nontenured teacher whose contract had not been renewed, the remedy available to plaintiff as school principal dismissed from his position by the local school committee is prescribed by G. L. 1956 (1969 Reenactment) chapter 39 of title 16. *Jacob v. Burke,* 110 R. I. 661, 669-70, 296 A.2d 456, 461 (1972). Specifically, plaintiff, having been aggrieved by a decision of the school committee, is entitled to appeal to the Commissioner of Education. Section 16-39-2.[3] He is thereafter entitled to a further appeal from a decision of the commissioner to the Board of Regents for Education.

---

[3]General Laws 1956 (1969 Reenactment) §16-39-2 reads as follows:

"Appeal of school committee actions to commissioner.—Any person aggrieved by any decision or doings of any school committee or in any other matter arising under any law relating to schools or education may appeal to the commissioner of education who, after notice to the parties interested of the time and place of hearing, shall examine and decide the same without cost to the parties involved."

Section 16-39-3.[4] If, after this combination of appeals, plaintiff is still aggrieved, it has been held that he has recourse to judicial review by way of common law certiorari in this court. *Jacob* v. *Burke, supra* at 670, 296 A.2d at 461.

To reiterate, judicial review of administrative decisions resulting from proceedings initiated by a person other than a tenured teacher dismissed for cause or a non-tenured teacher whose contract had not been renewed is by common law certiorari in this court and not by appeal in the Superior Court. The plaintiff, therefore, has no right to appeal to the Superior Court whether he has exhausted his remedies or not. It is plain then, that in this case the Superior Court was without jurisdiction to entertain plaintiff's appeal.

The school committee's appeal is therefore sustained. The cause is remanded to the Superior Court for dissolution of the temporary injunction and dismissal of plaintiff's complaint.

*The Petition for Certiorari — No. 74-166 M.P.*

The parties have not raised the procedural question of whether the school committee is an aggrieved party having the necessary standing to prosecute this petition for certiorari. *See School Comm.* v. *Board of Regents for Educ.,* 112 R. I. 288, 308 A.2d 788 (1973). We shall assume for the purposes of this case that it is an aggrieved party and has the necessary standing to prosecute the instant petition.

---

[4]General Laws 1956 (1969 Reenactment) §16-39-3 reads as follows:

"*Appeal to state board.*—Any decision of the commissioner in such matters shall be subject to an appeal to and review by the board of education."

It is to be noted that by the enactment of P. L. 1969, ch. 231, now G. L. 1956 (1969 Reenactment) chapter 49 of title 16, the Board of Regents for Education was established, thereby dissolving the Board of Education referred to in §16-39-3.

The only substantive issue raised by the petition is whether the Board of Regents was correct in sustaining the Commissioner of Education's March 14, 1974 decision that Mr. Slattery was entitled to a new hearing before the Cranston School Committee. For the reasons that follow we hold that the board was in error.

The fundamental conflict presented in this petition is whether one who appeals to the Commissioner of Education from a school committee action is entitled to a de novo hearing or merely a review of said school committee action. The commisisoner in his May 16, 1973 decision, adopted the former view, and afforded Mr. Slattery a hearing on the basis of which the commissioner drew findings and conclusions. Upon Slattery's appeal from that decision, the Board of Regents, in its January 10, 1974 decision, expressed the contrary view that the commissioner's true mission is to conduct an appellate review of the committee's actions. All subsequent proceedings reflected that view and it is the most recent pronouncement thereof to which petitioner school committee takes exception. Our task, therefore, is to resolve this fundamental conflict and decide whether the Board of Regents was correct in requiring that the commissioner review the school committee's action and whether the board was again correct in sustaining the commissioner's later compliance with that directive.

It seems clear that the type of proceeding being considered here falls squarely within the purview of §16-39-2, which reads as follows:

"Appeal of school committee actions to commissioner.—Any person aggrieved by any decision or doings of any school committee or in any other matter arising under any law relating to schools or education may appeal to the commissioner of education who, after notice to the parties interested of the time and place of hearing, shall examine and decide the same without cost to the parties involved."

This court has held on several occasions that §16-39-2, in requiring that appeals from school committee actions to the Commissioner of Education are heard only "* * * after notice to the parties interested of the time and place of hearing * * *" contemplates a de novo hearing by the commissioner. *School Comm.* v. *State Bd. of Educ.*, 103 R. I. 359, 364, 237 A.2d 713, 716 (1968); *see also Altman* v. *School Comm.* 115 R. I. 399, 405-06 & n.8, 347 A.2d 37, 40 & n.8 (1975).

In the present case, just such a de novo hearing was conducted by the commissioner shortly after the school committee voted to dismiss Mr. Slattery in 1972. On the basis of that hearing, findings were made and a decision was rendered sustaining the school committee's action. It was only those proceedings which post-dated this decision that were tainted by the apparent misconception that the commissioner was to conduct a review rather than a hearing. We do not rule on the correctness of the May 16, 1973 decision per se, but we do say that the commissioner correctly perceived his statutory duty by conducting his own de novo hearing under §16-39-2. *School Comm.* v. *State Bd. of Educ., supra* at 364, 237 A.2d at 716. Thus, the state of the record compiled by the school committee at its hearing, is, for these purposes, irrelevant.

For the reasons stated above we remand the matter to the Board of Regents with instructions to reinstate the commissioner's decision of May 16, 1973, and to consider anew the appeal from that decision filed by Mr. Slattery with the board on May 29, 1973, and to render a decision on that appeal consistent with this opinion.

Mr. Chief Justice Roberts did not participate.

*Vincent J. Piccirilli,* for School Committee of the City of Cranston.

*Natale L. Urso,* for Board of Regents for Education.