**Carmen RAMIREZ PLUGUEZ,**
**Plaintiff, Appellant,**

v.

**Benjamin COLE, as Mayor of the**
**Municipality of Mayaguez,**
**Defendant, Appellee.**

**No. 77–1091.**

United States Court of Appeals,
First Circuit.

Submitted Feb. 6, 1978.

Decided March 9, 1978.

Jesus Hernandez Sanchez and Antonio Hernandez Sanchez, Rio Piedras, P. R., on brief for plaintiff, appellant.

Eugenio Sanchez Ruiz, Mayaguez, P. R., on brief for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

 Appellant, formerly a secretary for the Municipal Government of Mayaguez, brought suit against the Mayor of Mayaguez, appellee Cole, in the federal district court. Appellant maintains that the Mayor offended "particularly [her] rights to due process" by failing to act on her application for reinstatement to municipal employment, and seeks reinstatement, back pay, and damages. The district court dismissed her complaint on the ground of res judicata and for failure to allege facts sufficient to establish federal jurisdiction. Pursuant to our Local Rule 12, we summarily affirm.

Before bringing her federal suit, appellant brought an action against the Mayor in the Superior Court of the Commonwealth of Puerto Rico. Basing this first complaint on substantially the same facts as she later alleged in her federal complaint, but raising no constitutional issues, appellant requested that the superior court issue a writ of mandamus ordering the Mayor to reinstate her and to compensate her for the salary she lost while unemployed. The superior court granted appellant's request, but its decision was reversed on the merits by the Supreme Court of Puerto Rico. Appellant thereupon filed suit in federal court.

The doctrine of res judicata bars parties from relitigating in federal court all claims that were raised or that might have been raised in an earlier state proceeding founded on the same cause of action. *Lovely v. LaLiberte,* 498 F.2d 1261, 1263 (1st Cir.), *cert. denied,* 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974). In the present action, appellant merely seeks to alter her ultimate ground for relief to a constitutional one. As the Superior Court of Puerto Rico has jurisdiction to hear such constitutional claims, P.R.Laws Ann. tit. 4, § 121, they should properly have been raised there. The district court correctly concluded, therefore, that the doctrine of res judicata precluded it from entertaining appellant's suit.

Since res judicata is a bar we need not reach the issue of the sufficiency of appellant's jurisdictional allegations.

*Affirmed.*